# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 12-666V

Filed: August 22, 2014

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GWENDOLYN MURPHY, | * | |
| | * | |
| Petitioner, | * | Interim attorneys' fees and costs decision; |
| | * | stipulation of fact; respondent objects to |
| v. | * | interim fee award |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Edward M. Kraus</u>, Chicago, IL, for petitioner.
<u>Alexis B. Babcock</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 3, 2012, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that she suffered a neurological demyelinating injury as a result of the flu vaccination she received on October 15, 2009.  Pet. ¶¶ 1–2.

On November 1, 2013, the parties filed a stipulation of fact in which they agreed on an appropriate amount for interim attorneys' fees and costs in this case.  The stipulation states,

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

"Respondent objects to petitioner's interim request for fees and costs at this juncture. However, to the extent interim fees and costs are awarded over respondent's objection, respondent does not object to the amount requested." Stip. at 1. The parties agreed to reimbursement in the amount of $13,102.63 for attorneys' fees and costs for petitioner's formal counsel, Ronald C. Homer.

On November 21, 2013, Mr. Homer filed a motion to withdraw as attorney of record. He stated that petitioner intended to proceed forward with her case as a *pro se* petitioner, and he provided the court with her contact information. The motion was granted on November 22, 2013. On December 13, 2013, petitioner filed a motion to substitute Edward Kraus as her attorney of record. The motion was granted that same day.

**DISCUSSION**

**I.     Entitlement to Fees and Costs Under the Vaccine Act**

Under the Vaccine Act, a special master or the Court of Federal Claims may award fees if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2006). "Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152 at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Parties are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Program rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). In determining reasonable basis, the court looks "'not at the likelihood of success [of a claim] but more to the feasibility of the claim.'" Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9. Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005). Special masters have found reasonable basis to file a claim absent medical records or opinions supporting vaccine causation. See Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (citing Lamar v. Sec'y of HHS, No. 99-583V, 2008 WL 3845165 (Fed. Cl. Spec. Mstr. July 30, 2008); Hamrick, 2007 WL 4793152).

**II.    Interim Fee Awards are Appropriate Under the Vaccine Act**

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008) (en banc). The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in Shaw v.

Secretary of Health and Human Services, 609 F.3d 1372 (Fed. Cir. 2010).  Subsequently, a number of judges and many special masters have found interim fee awards permissible under various circumstances.  See, e.g., Woods v. Sec'y of HHS, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (Judge Williams affirmed the special master's award of interim fees and suggested that when counsel withdraws, and it is unknowable how long case resolution might take, an interim award may be appropriate); Friedman v. Sec'y of HHS, 94 Fed. Cl. 323, 334 (Fed. Cl. 2010) (Judge Damich found that the statute permits interim fee awards and that the special master acted within his discretion in choosing not to award interim fees); Doe/11 v. Sec'y of HHS, 89 Fed. Cl. 661, 668 (Fed. Cl. 2009) (Judge Williams reversed the special master's denial of interim fees); Bear v. Sec'y of HHS, No. 11-362V, 2013 WL 691963 at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (Special Master Hastings awarded interim fees over respondent's objection in a case where petitioner's counsel was going to withdraw, and the petition had been pending for more than 19 months); Lumsden v. Sec'y of HHS, No. 97-588, 2012 WL 1450520 at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (Special Master Vowell awarded interim fees in an autism case over respondent's objection when petitioner's attorney was withdrawing from the case); Edmonds v. Sec'y of HHS, No. 04-87V, 2012 WL 1229149 at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012) (Then-Chief Special Master Campbell-Smith awarded interim fees over respondent's objection in an autism case in which petitioner's counsel was about to withdraw); Dudash v. Sec'y of HHS, No. 09-646V, 2011 WL 1598836 at *6 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (Special Master Moran found an award of interim fees appropriate); Burgess v. Sec'y of HHS, No. 07-258V, 2011 WL 159760 at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2011) (Former Special Master Lord awarded interim attorneys' fees in a case where petitioners were soon to be represented by other counsel).

### III.     Interim Fees are Appropriate in This Case

In Avera, the Federal Circuit held that while interim fees are not banned by the statute, they were not appropriate in that case because appellants only sought interim fees pending appeal.  515 F.3d 1343, 1352.  The Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  In denying an interim fee award, the Federal Circuit reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  Id.

In Shaw, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  The Court of Federal Claims and several special masters have found an interim fee award appropriate when petitioner's counsel withdraws from the case.  See Woods, 105 Fed. Cl. at 154; Bear, 2013 WL 691963 at *5; Lumsden, 2012 WL 1450520 at *6; Edmonds, 2012 WL 1229149 at *13; Burgess, 2011 WL 159760 at *2.

In this case, the record does not indicate a lack of good faith and/or reasonable basis for this claim.  Moreover, the petition has been pending for almost two years.  It is unclear how much longer proceedings will continue.  On July 16, 2014, one year and nine months after the petition

was filed, the undersigned ordered respondent to file a Rule 4(c) Report, after which the parties will determine whether to proceed with settlement negotiations or expert reports.   This case could conceivably proceed to hearing, in which case it might be months to years before a damages decision is issued.   Thus, the undersigned finds respondent's objection to an award of interim fees and costs at this juncture unpersuasive and concludes that an award of interim fees is appropriate.

## CONCLUSION

The undersigned finds an award of interim fees appropriate.   In accordance with the parties' stipulation, the undersigned awards **$13,102.63**, representing reimbursement for interim attorneys' fees and costs.   The award shall be in the form of a check made payable jointly to petitioner and Homer, Conway & Chin-Caplan, P.C. in the amount of **$13,102.63**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 22, 2014                                                                                   s/ Laura D. Millman
                                                                                                                       Laura D. Millman
                                                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.