# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-666V
Filed: January 24, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
GWENDOLYN MURPHY,                              \*
                                               \*
            Petitioner,                        \*
                                               \*   Damages decision based on
v.                                             \*   stipulation; influenza ("flu")
                                               \*   vaccine; neurological
                                               \*   demyelinating injury
SECRETARY OF HEALTH                            \*
AND HUMAN SERVICES,                            \*
                                               \*
            Respondent.                        \*
                                               \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ed Kraus, Chicago, IL, for petitioner.
Alexis B. Babcock, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On January 24, 2017, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that she suffered from a neurological demyelinating injury caused by her October 15, 2009 receipt of influenza ("flu") vaccine. Petitioner further alleges that she experienced residual effects of this injury for more than six months. Respondent denies that the flu vaccine caused petitioner to suffer from a neurological demyelinating injury or any other injury. Nonetheless, the parties agreed to resolve

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

this matter informally.

      The undersigned finds the terms of the stipulation to be reasonable.  The court adopts the parties' stipulation, attached, and awards compensation in the amount and on the terms set forth in the stipulation.  Pursuant to the stipulation, the court awards a lump sum of **$200,000.00**, representing reimbursement for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2012).  The award shall be in the form of a check payable to petitioner in the amount of **$200,000.00.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 24, 2017                                                                                     s/ Laura D. Millman
                                                                                                                              Laura D. Millman
                                                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GWENDOLYN MURPHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 12-666V |
| v. ) | Special Master Millman |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. On October 3, 2012, Gwendolyn Murphy ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu immunization on October 15, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered from a "neurological demyelinating injury" that was caused-in-fact by her flu vaccination. Petitioner further alleges that she experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged injury.

-1-

6. Respondent denies that petitioner's alleged injuries were caused-in-fact or significantly aggravated by her flu vaccination, and denies that the vaccine caused any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorney's fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to

paragraph 9, of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 15, 2009, as alleged in a petition for vaccine compensation filed on or about October 3, 2012, in the United States Court of Federal Claims as petition No. 12-666V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused or significantly aggravated petitioner's alleged neurological demyelinating injury, or any other injury or her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/

/
/
/
/
/
Respectfully submitted,

**PETITIONER:**

*/s/ GCMurph*
GWENDOLYN MURPHY

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Ed Kraus*
ED KRAUS
Attorney for Petitioner
Chicago-Kent School of Law
565 W. Adams Street, Ste. 600
Chicago, IL 60661
(312) 905-5050

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*/s/ Narayan Nair*
NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Alexis B Babcock*
ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-7678