# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-666V
Filed: February 2, 2017
Not for Publication

```
*************************************
GWENDOLYN MURPHY,                    *
                                     *
            Petitioner,              *
                                     *    Attorneys' fees and costs decision;
v.                                   *    respondent does not object
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
*************************************
```

<u>Ed Kraus</u>, Chicago, IL, for petitioner.
<u>Alexis B. Babcock</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### <u>DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

On October 3, 2012, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that she suffered a neurological demyelinating injury as a result of an influenza ("flu") vaccine she received on October 15, 2009. On August 22, 2014, upon the withdrawal of petitioner's previous counsel, the undersigned issued a decision awarding petitioner $13,102.63 in interim attorneys' fees and costs. On January 24, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 2, 2017, petitioner filed an unopposed motion for final attorneys' fees and costs. Petitioner requests $30,974.77 in attorneys' fees and $17,025.23 in costs for a total of $48,000.00. In compliance with General Order #9, petitioner's counsel states that petitioner incurred no out-of-pocket expenses in pursuit of her claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total amount of $48,000.00**, as a lump sum in the form of a check payable jointly to petitioner and the Law Offices of Chicago-Kent.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 2, 2017                                    s/ Laura D. Millman
                                                                            Laura D. Millman
                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.